UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFERY R. FROEMEL,

    Plaintiff,

    v.                                              Case No. 23-cv-407-bhl

WARDEN HEPP, et al.,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Jeff Froemel, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Froemel's motion for leave to proceed without prepayment of the filing fee and to screen the amended complaint. Dkt. Nos. 2 & 8.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Froemel requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Froemel has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $37.79. The Court will therefore grant the motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:23-cv-00407-BHL   Filed 07/18/23   Page 2 of 8   Document 18

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Froemel is an inmate at the Waupun Correctional Institution. Dkt. No. 8. Defendants are Warden Hepp, John/Jane Doe "Food Service Manager," and Sgt. Sue Wilson. *Id*. at 1.

According to the amended complaint, John/Jane Doe "Food Service Manager" and Sgt. Wilson violated DOC policy §310.10(10) by "failing to have EMC repair the missing tiles knowing it posed a serious risk." *Id*. at 2. They allegedly received "numerous verbal complaints about the conditions in the Pots & Pans Dept." but "went on with business as usual, blatantly ignoring the hazard these missing tiles posed." *Id*. Sgt. Bowen (not a defendant) can allegedly verify that "the Pots & Pans Dept. is a dangerous place" because it is "constantly wet & greasy." *Id*. Froemel notes that, "anytime anyone makes a verbal or written complaint[,] the answer usually comes in the form of job re-assignment or job loss." *Id*. Warden Hepp allegedly uses this tactic to "hide the fact that he refuses to enforce DAI policy when it is clear that DOC employees that are under his direction are violating DOC safety policies such as §DOC 310.10(10)" *Id*. at 2-3.

Indeed, following an "accident" in the kitchen on an unidentified date, Froemel allegedly injured himself. *Id*. at 3. Froemel doesn't explain what specifically happened during the incident but it appears he suffered rotator cuff damage, torn tendons, broken cartilage in his elbow, and is now in constant pain. *Id*. at 3-4. Froemel went to the Health Services Unit (HSU) to get medical care and they charged an "excessive" co-pay then took him to a private practitioner and various outside hospitals. *Id*. at 3. Froemel states, "What inmates receive is very poor quality of healthcare." *Id*. He states, "10 years later, a few thousand in co-pays & the original medical condition will have grown worse from outright neglect…" *Id*. According to Froemel, HSU staff

3

ultimately refuse to follow the outside doctors' orders anyway and inmates do not receive even the recommended prescription medication. *Id*. For relief, Froemel seeks monetary damages. *Id*. at 4.

THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Eighth Amendment protects prisoners from "hazardous prison conditions." *See Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). To state a claim under the Eighth Amendment, Froemel must allege that the defendants "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Id*. at 409. Deliberate indifference requires that the defendants "w[ere] subjectively aware of and intentionally disregarded [the] objectively serious risk to his health or safety." *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) (citation omitted).

It is well established that "slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles*, 771 F.3d at 410 & n.25. But "exposing inmates to a greater danger than a slip and fall, however, may violate the Eighth Amendment." *Balle v. Kennedy*, No. 21-2393, 2023 WL 4539845, at *6 (7th Cir. July 14, 2023). For example, forcing a hand-cuffed inmate to walk down a set of stairs covered with food, milk, and other garbage presented a hazardous condition. *Id*. Similarly, ordering an inmate to carry near-boiling water over a wet, uneven kitchen floor also presented a hazardous condition. *Id*. That

4

said, prison officials need not provide a "maximally safe environment." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016).

The Court will dismiss the amended complaint for failure to state a claim. Froemel does not allege enough specific facts from which the Court can reasonably infer a constitutional violation. Froemel alludes to an "accident" that caused an arm injury, but he does not provide any specific facts about what happened during the accident, when it happened, who was there, and what that person allegedly said or did to violate his constitutional rights. Froemel notes that "10 years later" the medical condition he suffered from the accident is still ongoing. This assertion means that his claim is almost certainly time-barred because the incident giving rise to the injury occurred more than six years ago. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing 2017 Wis. Act 235 (eff. Apr. 5, 2018)); *see also D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (noting that, prior to April 2018, Wisconsin's statute of limitations was six years). Moreover, while Froemel alleges that Warden Hepp, John/Jane Doe "Food Service Manager," and Sgt. Wilson refused to enforce §DOC 310.10(10), *see* Dkt. No. 8 at 2-3, violation of prison policy alone is not enough to implicate a constitutional violation, *see Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020). In sum, the Court cannot reasonably infer that any of the defendants, Warden Hepp, John/Jane Doe "Food Service Manager," or Sgt. Wilson, were personally deliberately indifferent to a hazardous prison condition based solely on Froemel's vague reference to an "accident." The Court will therefore dismiss the amended complaint for failure to state a claim.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Froemel an opportunity to file a second

amended complaint to cure the deficiencies described above. Specifically, the second amended complaint should provide facts explaining: (1) What happened during the "accident;" (2) Who was there during the accident and what that person(s) said or did to violate his constitutional rights; (3) When the accident happened; (4) Where the accident happened; and (5) Why the person(s) involved did what they did, if known.

The Court is enclosing a guide for *pro se* prisoners that explains how to file a second amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Froemel to use that form to file his second amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Froemel believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The second amended complaint should be no more than <u>ten</u> pages total.

Froemel is advised that the second amended complaint must bear the docket number assigned to this case. The second amended complaint replaces the prior complaints and must be complete in itself without reference to prior versions. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Froemel files a second amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Froemel does not file a second amended complaint, the Court will dismiss this case.

CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the amended complaint is **DISMISSED** because it fails to state a claim. Plaintiff may file a second amended complaint that complies with the instructions in this order by **August 18, 2023**. If Plaintiff files a second amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$312.21** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on July 18, 2023.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge