UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFERY R. FROEMEL,

        Plaintiff,

v.                                           Case No. 23-cv-407-bhl

WARDEN HEPP, et al.,

        Defendants.

## ORDER

Plaintiff Jeffrey R. Froemel, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his civil rights. On July 18, 2023, the Court screened and dismissed the amended complaint for failure to state a claim upon which relief can be granted. Dkt. No. 18. The Court concluded that Froemel did not allege enough facts from which the Court could reasonably infer that Defendants were deliberately indifferent towards a "hazardous" condition of confinement in violation of the Eighth Amendment. *Id*. at 5. The Court explained that Froemel alluded to an "accident" that caused an injury, but he did not provide any specific facts about what happened during the incident, when it happened, who was there, and what that person allegedly said or did to violate his constitutional rights. *Id*. The Court also noted that there were no facts from which the Court could reasonably infer that any of the named defendants, Warden Randall Hepp, John/Jane Doe Food Service Manager, or Sgt. Sue Wilson, were personally involved in the incident. *Id*. The Court, however, gave Froemel an opportunity to file a second amended complaint by August 18, 2023, to attempt to cure deficiencies and state a claim. *Id*. at 5-6.

Two days after the Court's screening order, on July 20, 2023, Froemel filed his second amended complaint. Dkt. No. 19. Froemel again names as defendants Warden Hepp, John/Jane

Doe Food Service Manager, and Sgt. Wilson. *Id*. He alleges that Sgt. Wilson "violated [his] rights for a safe workplace environment under DOC 310.10(10)…by not notifying EMC to repair the missing tiles." *Id*. at 2. He states that he tripped and fell from a missing tile in the Pots and Pans Department. *Id*. at 2-3. Froemel notes, "I can't call it an accident because it was premeditated." *Id*. at 2. He also states that Sgt. Bowen (not a defendant) and Sgt. Wilson both reviewed camera footage of the incident, so they are "witnesses." *Id*. at 3. Froemel injured his elbow, neck, and back from the incident. *Id*. at 2-3. For relief, he seeks monetary damages. *Id*. at 4.

The Eighth Amendment protects prisoners from "hazardous prison conditions." *See Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). A prison condition is hazardous when it "poses an unreasonable peril." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). To state a claim, Froemel must allege that the defendants "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles*, 771 F.3d at 409. Deliberate indifference requires that the defendants "w[ere] subjectively aware of and intentionally disregarded [the] objectively serious risk to his health or safety." *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) (citation omitted).

It is well established that slippery surfaces or uneven grounds at an institution do not constitute a hazardous condition of confinement. *See Pyles*, 771 F.3d at 410 & n.25; *see Hardin v. Baldwin*, 770 F. App'x 289, 290 (7th Cir. 2019) ("The condition that [the plaintiff] identifies is the uneven sidewalk, but the risk of tripping there is no worse than the risk present on slippery floors in prison showers."). Even the absence of a caution sign near a slippery surface or uneven ground does not constitute a hazardous condition of confinement. *See Frost v. McCaughtry*, 215 F.3d 1329, 2000 WL 767841 at *2 (7th Cir. 2000). But "exposing inmates to a greater danger than a slip and fall, however, may violate the Eighth Amendment." *Balle v. Kennedy*, No. 21-2393, 2023 WL 4539845, at *6 (7th Cir. July 14, 2023). For example, forcing a hand-cuffed inmate to walk down a set of stairs covered with food, milk, and other garbage presented a hazardous

2

condition. *Id*. Similarly, ordering an inmate to carry near-boiling water over a wet, uneven kitchen floor also presented a hazardous condition. *Id*.

Froemel's second amended complaint still does not allege either a hazardous prison condition or deliberate indifference by any of the named defendants. As noted above, an uneven surface, on its own, is not a hazardous prison condition, and Froemel does not allege any other facts from which the Court can reasonably draw that inference. *See e.g. Holmes v. Hamilton*, No. 22-CV-4164, 2023 WL 3934984, at *3 (C.D. Ill. June 9, 2023) (dismissing a complaint at screening because "[t]hough Plaintiff alleges a known and unrepaired defect to the stair, his allegations fail to indicate a severe, unreasonable, or extremely hazardous peril.") At best, Froemel's allegations of a missing tile on the floor of the Pots & Pans Department might support a claim for negligence, but this is insufficient to state an Eighth Amendment claim. *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (stating that only intentional misconduct or criminal recklessness—not negligence, gross negligence, or tortious recklessness—violates Eighth Amendment). It is unfortunate that Froemel tripped and fell on a missing tile on the floor, but based on the allegations he makes, the circumstances amount to a potential violation of prison policy, not the constitution. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."); *see also Silcox v. Hyiatt*, No. 3:22-CV-468-DRL-MGG, 2022 WL 3212302, at *1 (N.D. Ind. Aug. 8, 2022).

Further, Froemel's allegations against Warden Hepp and John/Jane Doe Food Service Manager remain insufficient to assert claims against them, even if the missing floor tile rose to the level of creating a potential Eighth Amendment violation. Froemel does not plausibly allege any facts supporting personal involvement by either defendant. The same is true with respect to Sgt. Wilson. Froemel does not allege facts from which the Court could reasonably infer that Sgt. Wilson knew about a possibly hazardous prison condition and was deliberately indifferent towards

3

it. Froemel alleges only that Sgt. Wilson reviewed a videotape of his fall, but that does not mean that she knew about and ignored a risk of harm *before* it occurred. Because Froemel's second amended complaint still fails to state a federal claim upon which relief can be granted, the Court will dismiss this case.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 5, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.